## SUPREME COURT OF PENNSYLVANIA
## ORPHANS' COURT PROCEDURAL RULES COMMITTEE

## ADOPTION REPORT

## Amendment of Pa.R.O.C.P. 5.50

On May 2, 2024, the Supreme Court of Pennsylvania amended Pennsylvania Orphans' Court Rule of Procedure 5.50 governing small estate petitions. The Orphans' Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

### Background

Effective October 1, 2020, Pa.R.O.C.P. 5.50 established procedures for the filing of small estate petitions.[1] Subsequently, the Committee received correspondence expressing two concerns about certain provisions in the rule. The first issue related to the requirement that the petitioner attach the Department of Revenue Notice of Appraisement and Assessment of Tax ("Notice") to the petition as an exhibit.[2] Commenters reported issuing delays of the Notice by the Department of Revenue.[3] It was conveyed that, in some cases, the delay could outweigh the benefits of filing a small estate petition. Thus, the Committee reconsidered the need to require the Notice as an exhibit and contemplated other means that would demonstrate payment or waiver of tax.

---

[1] A small estate is one with a gross value not exceeding $50,000 "exclusive of real estate and property payable under 20 Pa.C.S. § 3101 (relating to payments to family and funeral directors) but including property claimed as the family exemption." 20 Pa.C.S. § 3102.

[2] The Department of Revenue issues the Notice after an inheritance tax return is filed. The Notice sets forth the Department's valuation of the estate's assets, allowable deductions, and tax due. *See Pennsylvania Department of Revenue, Inheritance Tax General Information, Form REV-720(SU)02-23*, available at https://www.revenue.pa.gov/FormsandPublications/FormsforIndividuals/InheritanceTax/Documents/rev-720.pdf (last visited April 26, 2024).

[3] The Department of Revenue advises that it can take three to six months to complete processing from the date an inheritance tax return is filed with the Register of Wills, depending on the complexity of the return. *See supra* note 2.

Another issue related to service on interested persons in compliance with Chapter III, concerning petition practice and pleadings. The service rule provided that "[t]he petitioner shall serve written notice on interested parties in compliance with Chapter III." *See* Pa.R.O.C.P. 5.50(d). Commenters expressed concern that failure to designate the precise service procedure, *i.e.*, citation or notice, forced practitioners to elect the issuance of a preliminary decree and citation for all parties. While the Committee initially thought it preferable to leave the service determination to practitioners, it was sensitive to the cost burden reported by the commenters.

Finally, while reviewing the two issues raised by correspondents, the Committee identified a need to refine provisions relating to attachment of an original or a photocopy of the decedent's will, if the original will cannot be produced, as an exhibit to the petition. *See* Pa.R.O.C.P. 5.50(c)(2). The Committee observed that attaching a photocopy of a will to the petition could lead to an incorrect distribution if the decedent revoked the will. In the absence of the original will, the validity of the photocopy and the potential for revocation of an original will must be contemplated and determined. Thus, the Committee considered whether a petitioner not in possession of the original will should petition the Register of Wills to obtain a decree validating the photocopy.

Concurrently, the Committee reconsidered whether an original will should be filed with the petition. *See* Pa.R.O.C.P. 5.50(c)(2). The Register of Wills is the office for the lodging and probating of wills and maintains filing and cataloging systems for such responsibilities. In contrast, an original will filed as an exhibit to a petition may be difficult to locate in the future. Therefore, the Committee proposed that the original will be lodged or probated with the Register of Wills before the filing of the small estate petition. Rather than attaching the original will to the small estate petition, the petitioner would attach a photocopy demonstrating proof of lodging the will with the Register or a decree of the Register accepting a photocopy of the original.

The Committee approached these two new concepts with the goal of ensuring the intent of the will is carried out by adding procedures to ensure that the distribution is correct and the original will has not been revoked. The Committee published proposed amendments to Pa.R.O.C.P. 5.50 at 52 Pa.B. 3057 (May 28, 2022). All public comments received were reviewed and discussed by the Committee.

**Rule Changes**

**Notice of Appraisement and Assessment of Tax.** The original intent of requiring the Notice as an exhibit to the petition was to ensure that taxes were satisfied prior to distribution. However, the Committee subsequently concluded there may be flaws with this approach, *e.g.*, there may be circumstances when the petitioner has not yet made a tax filing or cannot discern the exact value of decedent's assets if records are unavailable. Consideration was also given to the limited exposure of an underpayment, given the

parameters for small estate eligibility and the ability to petition for revocation of the decree of distribution in the event of an improper distribution.  20 Pa.C.S. § 3102.

Subdivision (b)(5) was amended to require the reason a tax return has not been filed, if any.  Subdivision (c)(3) was amended to replace the requirement to attach the Notice as an exhibit to the petition with the "documentation supporting the statement required by subdivision (b)(5), if any."

**Service.**  The Committee also examined the service provision of Pa.R.O.C.P. 5.50(d), which required the petitioner to "serve written notice on interested parties in compliance with Chapter III."  Pa.R.O.C.P. 3.5 provides two service methods – citation and notice.  Pa.R.O.C.P. 3.5(a), pertaining to citation practice, is used to obtain personal jurisdiction when it has not previously been obtained or conferred by statute.  When an orphans' court issues a citation, it is served on an interested party together with the petition in the same manner as original process in the Pennsylvania Rules of Civil Procedure.  In contrast, when personal jurisdiction is not required, has been previously obtained, or conferred by statute, a petitioner proceeds by notice practice, *i.e.*, attaching a notice to plead to the petition and providing the documents to interested parties.  Pa.R.O.C.P. 3.5(b).

The Committee extensively discussed service of the small estate petition prior to making Orphans' Recommendation 4 of 2019.  While some commenters at the time suggested designating Pa.R.O.C.P. 3.5(b), permitting service by notice, as the sole method of service, the Committee at the time found it preferable to let practitioners decide what method of service was needed, consistent with practice in the other specific petitions set forth in Chapter V.

However, correspondence received after the adoption of Pa.R.O.C.P. 5.50 relayed that requiring service by citation creates a financial burden on an estate of limited means.  The Committee discussed designating Pa.R.O.C.P. 3.5(b), notice practice, as the method of service for small estate petitions.  The statute governing small estates gives discretion in the provision of notice regarding the petition filing and proposed distribution.  "[U]pon petition of any party in interest … and with such notice as the court shall direct…".  *See* 20 Pa.C.S. § 3102.  The Committee further contemplated that the *in rem* nature of small estate proceedings was more compatible with notice practice.  Therefore, Pa.R.O.C.P. 5.50(d) was amended to direct service in compliance with Pa.R.O.C.P. 3.5(b).

**Photocopies of Will.**  In addition to the Notice and service issues, the Committee reviewed the advisability of accepting a photocopy of the will as an exhibit to the petition. Attaching a photocopy of the will to the petition could result in an incorrect distribution if the decedent had revoked the will, unknown to the petitioner.  The Committee considered whether a petitioner not in possession of the original will should petition the Register of Wills to obtain a decree as to the validity of the photocopied will.

3

Having the Register of Wills decree accept a photocopy of a will establishes proof of its validity and will enable the court to order distribution in accordance with the will. A petition to accept the photocopy does not necessarily initiate probate, although a decree could be used to do so or to file a small estate petition. The Committee acknowledges that adding this practice to Pa.R.O.C.P. 5.50 could disincentivize petitioners who do not have an original will from electing a small estate petition over probate when a photocopy is of questionable validity. However, it seemed a necessary change to ensure the integrity and validity of the document in question.

**Lodging and Probate.** As part of the discussion relating to original and photocopied wills, the Committee considered whether an original will should be attached to a small estate petition as an exhibit. Specifically, the Committee was concerned that an original will filed as an exhibit to a petition may be difficult to locate in the future and not easily discoverable. Moreover, the Register of Wills is the office for the lodging and probating of wills and maintains filing and cataloging systems for such responsibilities. The Committee also considered that a petitioner could probate the will but subsequently elect to file a small estate petition once the assets of the estate are fully known. This change makes clearer that filing a small estate petitioner is still an option even if probate has been initiated.

The Committee also discussed electronic filing in the context of small estate petition filings. When electronic filing is authorized by local rule, a party may require the filing party to file an original of a legal paper or exhibit with the clerk. Pa.R.O.C.P. 4.7(b)(2). However, absent such a demand, the filing party is required to "maintain the original of all documents, …, together with any exhibits filed, for [five] years after the disposition of the case." *See* Pa.R.O.C.P. 4.7(c)(3). Because the original will is not necessarily filed in a small estate case, ensuring the location of the will becomes more important. The proposal was intended to ensure that all parties know the will exists and where it is located.

Therefore, the Committee proposed that a petitioner lodge or probate the original will with the Register of Wills before filing of the small estate petition. Rather than attach the original will as an exhibit, the petitioner would attach a photocopy demonstrating proof of lodging with the Register of Wills or the decree of the Register accepting a photocopy of the original.

The Committee believed there is a known distinction between lodging and probating a will with the Register. A person can be compelled to deposit a will with the Register of Wills. *See* 20 Pa.C.S. § 3137. The practice of lodging of a will with the Register of Wills is referenced in an unpublished Superior Court memorandum involving a premature estate dispute between siblings prior to the death of their mother, an incapacitated person. "[T]he guardian of the estate could lodge the will with the Register

4

of Wills [to prevent sister from wrongfully gaining access to estate assets upon mother's death]." *See Matter of Bush*, 2019 WL 1283906, *2 (Pa. Super. filed March 19, 2019) (*citing Matter of Bush*, Court of Common Pleas of Chester County, Orphans' Court, No. 1509-1720). The *Register of Wills of Philadelphia County Manual* includes a chapter on lodging and compelling production of a will. It provides "[a] person holding the original last Will of a decedent may lodge (*i.e.*, deposit) the Will with the Register for safekeeping pending further proceedings." *See Register of Wills of Philadelphia County Manual*, Chapter 9, 1977465.pdf (last visited April 26, 2024). Finally, a treatise instructs, without further citation, that "a will may be deposited with the Register for safe keeping without the will being probated." Cleaver Daniel C., *West's Pennsylvania Practice, Pennsylvania Probate and Estate Administration*, § 1.3 (5th ed. 2017). The Committee does not suggest a probate requirement with this provision, but merely a decree establishing the validity of a photocopy. The Committee acknowledges that this requirement will add a step to the small estate procedure, but balanced the inconvenience of an additional step with ensuring the validity of the document and, therefore, the accurate distribution of the estate.

\*\*\*\*\*

The amendments become effective July 1, 2024.